**LATHAM & WATKINS LLP**
Melanie M. Blunschi (Cal. Bar No. 234264)
 *melanie.blunschi@lw.com*
Nicole C. Valco (Cal. Bar No. 258506)
 *nicole.valco@lw.com*
Grant E. Strother (Cal. Bar No. 284612)
 *grant.strother@lw.com*
Rachel Rose Suhr (Cal. Bar No. 323531)
 *rachel.suhr@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARRY RICHARDS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>APPLE INC.<br><br>               Defendant. | CASE NO. 3:22-CV-01095-CRB<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   July 22, 2022<br>Time:  10:00 a.m.<br>Place:  Courtroom 6, 17th Floor<br>Judge:  Honorable Charles R. Breyer |

## NOTICE OF MOTION AND MOTION

TO THIS HONORABLE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT on July 22, 2022 at 10:00 a.m. in Courtroom 6 of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Apple Inc. ("Apple") will and hereby does move to dismiss with prejudice all claims brought by Plaintiff Barry Richards in the Class Action Complaint. This motion is supported by the attached Memorandum of Points and Authorities and by the Declaration of Nicole C. Valco and the Request for Judicial Notice and Incorporation by Reference filed herewith.

Apple respectfully submits this motion under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) on the grounds that Plaintiff does not allege sufficient facts to state a claim for any cause of action or to establish subject matter jurisdiction over his claim for injunctive relief.

Dated: April 27, 2022

Respectfully submitted,

LATHAM & WATKINS LLP
By:  */s/ Melanie M. Blunschi*
Melanie M. Blunschi

Melanie M. Blunschi (Cal. Bar No. 234264)
 *melanie.blunschi@lw.com*
Nicole C. Valco (Cal. Bar No. 258506)
 *nicole.valco@lw.com*
Grant E. Strother (Cal. Bar No. 284612)
 *grant.strother@lw.com*
Rachel Rose Suhr (Cal. Bar No. 323531)
 *rachel.suhr@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Attorneys for Defendant Apple Inc.

**Page**

STATEMENT OF ISSUES TO BE DECIDED ...................................................... vii

SUMMARY OF ARGUMENT .......................................................................... vii

I.   BACKGROUND ................................................................................... 1

II.  LEGAL STANDARDS .......................................................................... 3

III. ARGUMENT ........................................................................................ 3

     A.   Plaintiff's Computer Intrusion Claims Fail................................ 3

          1.   Plaintiff's Computer Intrusion Claims Should Be
               Dismissed Because He Has Not Pled Unauthorized Access ..... 3

          2.   Plaintiff's CFAA And CDAFA Claims Should Also Be
               Dismissed Because He Has Not Pled A Covered Loss............. 6

          3.   Plaintiff's CDAFA Claim Fails For Additional,
               Independent Reasons ...................................................... 7

               a.   The Boilerplate CDAFA Claim Should Be
                    Dismissed............................................................. 7

               b.   The Update Is Not A Disruption Or Denial Of
                    Service Under Section 502(c)(5) ................................ 8

               c.   The Update Is Not A "Computer Contaminant"
                    Under Section 502(c)(8) ........................................... 9

          4.   The Economic Loss Rule Independently Requires
               Dismissal Of The Trespass Claim......................................... 10

     B.   Plaintiff Is Not Entitled To Equitable Relief ........................... 11

          1.   Plaintiff's Equitable Claims Are Barred By *Sonner* ............... 11

          2.   Plaintiff Lacks Standing To Seek Injunctive Relief ............... 13

          3.   Plaintiff Fails To State A Claim For Unjust Enrichment........... 13

          4.   Plaintiff Fails To State A Claim Under The UCL .................. 14

     C.   Leave To Amend Should Be Denied ...................................... 15

IV.  CONCLUSION.................................................................................... 15

**CASES**

*Adams v. Cole Haan, LLC,*
2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ...........................................................12

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...........................................................................................................3

*AtPac, Inc. v. Aptitude Solutions, Inc.,*
730 F. Supp. 2d 1174 (E.D. Cal. 2020) .............................................................................6

*Axelrod v. Lenovo (U.S.) Inc.,*
2022 WL 976971 (N.D. Cal. Mar. 31, 2022) ..................................................................12

*Baggett v. Hewlett Packard, Inc.,*
2009 WL 3178066 (C.D. Cal. Sept. 29, 2009) ...........................................................10, 11

*Barrett v. Apple Inc.,*
523 F. Supp. 3d 1132 (N.D. Cal. 2021) ...........................................................................11

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...........................................................................................................3

*Berkla v. Corel Corp.,*
302 F.3d 909 (9th Cir. 2002) ...........................................................................................13

*Biesenbach v. Does 1-3,*
2022 WL 204358 (N.D. Cal. Jan. 24, 2022) ......................................................................6

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
631 F.3d 939 (9th Cir. 2011) ...........................................................................................13

*Clemens v. DaimlerChrysler,*
534 F.3d 1017 (9th Cir. 2008) .........................................................................................14

*Correia v. Johnson & Johnson Consumer Inc.,*
2019 WL 2120967 (C.D. Cal. May 9, 2019) ...................................................................10

*Daugherty v. Am. Honda Motor Co.,*
144 Cal. App. 4th 824 (2006) .........................................................................................14

*eBay Inc. v. MercExchange, L.L.C.,*
547 U.S. 388 (2006) ....................................................................................................11, 12

*Eclectic Props. E., LLC v. Marcus & Millichap Co.,*
751 F.3d 990 (9th Cir. 2014) ........................................................................................3, 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Enki Corp. v. Freedman*,
    2014 WL 261798 (N.D. Cal. Jan. 23, 2014) ..........................................................................4, 5

*In re Facebook Privacy Litig.*,
    2011 WL 6176208 (N.D. Cal. Nov. 22, 2011) ...........................................................................9

*In re Facebook Privacy Litig.*,
    791 F. Supp. 2d 705 (N.D. Cal. 2011) .....................................................................................5

*Flextronics Int'l Ltd. v. Parametric Tech. Corp.*,
    2014 WL 2213910 (N.D. Cal. May 28, 2014) ...........................................................................9

*Gallagher v. Chipotle Mexican Grill, Inc.*,
    2016 WL 454083 (N.D. Cal. Feb. 5, 2016) .............................................................................13

*Gonzales v. Uber Techs., Inc.*,
    305 F. Supp. 3d 1078 (N.D. Cal. 2018) ...................................................................................8

*In re Google Android Consumer Privacy Litig.*,
    2014 WL 988889 (N.D. Cal. Mar. 10, 2014) ...........................................................................7

*Hassell v. Uber Techs., Inc.*,
    2020 WL 7173218 (N.D. Cal. Dec. 7, 2020) ..........................................................................12

*Heieck v. Fed. Signal Corp.*,
    2019 WL 6873869 (C.D. Cal. Nov. 4, 2019) ...........................................................................7

*Herskowitz v. Apple Inc.*,
    940 F. Supp. 2d 1131 (N.D. Cal. 2013) .................................................................................14

*HiQ Labs v. LinkedIn Corp.*,
    2022 WL 1132814 (9th Cir. Apr. 18, 2022) .............................................................................4

*Hunter v. Nature's Way Prods, LLC*,
    2018 WL 340233 (S.D. Cal. Jan. 9, 2018) .............................................................................13

*J'Aire Corp. v. Gregory*,
    598 P.2d 60 (1979) ................................................................................................................10

*Jimenez v. Sup. Ct.*,
    58 P.3d 450 (Cal. 2002) .......................................................................................................10

*Julian v. TTE Tech., Inc.*,
    2020 WL 6743912 (N.D. Cal. Nov. 17, 2020) .......................................................................12

*Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*,
    315 Fed. App'x 603 (9th Cir. 2008) ..............................................................................10, 11

*Kerkorian v. Samsung Elecs. Am.*,
    2021 WL 5399449 (E.D. Cal. Nov. 18, 2021) .......................................................................10

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEF. APPLE INC.'S MOT. TO DISMISS COMPL.
CASE NO. 3:22-cv-01095-CRB

*Lateral Link Grp., LLC v. Springut*,
2015 WL 12778396 (C.D. Cal. Sept. 22, 2015) .................................................................9

*Loc. Ventures & Investments, LLC v. Open Found.*,
2019 WL 7877936 (N.D. Cal. May 13, 2019) ...................................................................8

*Los Angeles Mem'. Coliseum Commn. v. Nat'l Football League*,
634 F.2d 1197 (9th Cir. 1980) .......................................................................................12

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........................................................................13

*Lusson v. Apple Inc.*,
2016 WL 10932723 (N.D. Cal. June 20, 2016) ........................................................10, 11

*LVRC Holdings LLC v. Brekka*,
581 F.3d 1127 (9th Cir. 2009) .........................................................................................4

*In re MacBook Keyboard Litig.*,
2020 WL 6047253 (N.D. Cal. Oct. 13, 2020).................................................................12

*Marcus v. Apple Inc.*,
2015 WL 151489 (N.D. Cal. Jan. 8, 2015) ....................................................................13

*Miller v. Nat'l Broad. Co.*,
187 Cal. App. 3d 1463 (1986) .........................................................................................6

*New You Spa v. Citizen's Ins. Grp.*,
2021 WL 1788448 (N.D. Cal. May 5, 2021)...................................................................15

*Nikoopour v. Ocwen Loan Servicing, LLC*,
2018 WL 3007918 (S.D. Cal. June 14, 2018)..................................................................15

*NovelPoster v. Javitch Canfield Grp.*,
140 F. Supp. 3d 938 (N.D. Cal. 2014) ..........................................................................6, 7

*O'Connor v. Wells Fargo, N.A.*,
2014 WL 4802994 (N.D. Cal. Sept. 26, 2014) ...............................................................12

*Oracle Am., Inc. v. TERiX Comput. Co., Inc.*,
2014 WL 31344 (N.D. Cal. Jan. 3, 2014) ........................................................................5

*Parziale v. HP, Inc.*,
2020 WL 5798274 (N.D. Cal. Sept. 29, 2020) ...............................................................5, 6

*Price v. Apple Inc.*,
2022 WL 1032472 (N.D. Cal. Apr. 6, 2022) ....................................................................6

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
34 Cal. 4th 979 (2004) ..................................................................................................10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Satmodo, LLC v. Whenever Commc'ns, LLC,*
  2017 WL 1365839 (S.D. Cal. Apr. 14, 2017)...................................................................5, 8

*Sharma v. Volkswagen AG,*
  524 F. Supp. 3d 891 (N.D. Cal. 2021) ...................................................................12

*Sonner v. Premier Nutrition Corp.,*
  971 F.3d 834 (9th Cir. 2020) ...................................................................11, 12

*In re Sony,*
  758 F. Supp. 2d 1077 (S.D. Cal. 2010) ...................................................................14

*Spengler v. L.A. Cnty. Jail Med.,*
  2017 WL 10526034 (C.D. Cal. Aug. 14, 2017) ...................................................................13

*Strumlauf v. Starbucks Corp.,*
  192 F. Supp. 3d 1025 (N.D. Cal. 2016) ...................................................................13

*Sunbelt Rentals, Inc. v. Victor,*
  43 F. Supp. 3d 1026 (N.D. Cal. 2014) ...................................................................5

*Taleshpour v. Apple Inc.,*
  549 F. Supp. 3d 1033 (N.D. Cal. 2021) ...................................................................14

*Ubisoft, Inc. v. Kruk,*
  2021 WL 3472833 (C.D. Cal. July 9, 2021) ...................................................................8

*United States v. Nosal,*
  676 F.3d 854 (9th Cir. 2012) ...................................................................4

*United States v. Nosal,*
  844 F.3d 1024 (9th Cir. 2016) ...................................................................4

*United States v. Santos,*
  553 U.S. 507 (2008) ...................................................................8

*Veritas Techs. LCC v. Cushman & Wakefield, Inc.,*
  2022 WL 222527 (N.D. Cal. Jan. 25, 2022) ...................................................................12

*Williams v. Yamaha Motor Corp.,*
  2015 WL 13626022 (C.D. Cal. Jan. 7, 2015) ...................................................................13

**STATUTES**

18 U.S.C.
  § 1030(a)(5) ...................................................................3, 4
  § 1030(c)(4) ...................................................................7
  § 1030(e)(11) ...................................................................6, 7
  § 1030(g) ...................................................................7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Cal. Penal Code

§ 502(b)(12) ...............................................................................................9
§ 502(c)(4) ...........................................................................................3, 5, 7
§ 502(c)(5) ...........................................................................................5, 7, 8
§ 502(c)(7) ...........................................................................................5, 8, 9
§ 502(c)(8) ...........................................................................................5, 8, 9
§ 502(d)(1) ...............................................................................................8
§ 502(e)(1) ...............................................................................................7

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiff's claims against Apple should be dismissed under Rule 12(b)(6) for failure to state any claim upon which relief can be granted.

2.      Whether Plaintiff's claim for injunctive relief should be dismissed under Rule 12(b)(1) for lack of Article III standing.

**SUMMARY OF ARGUMENT**

Plaintiff Barry Richards brings an assortment of claims under anti-hacking provisions of federal and California law based on allegations that his Apple HomePod wireless speaker malfunctioned after a routine update to version 14.6 of the device's operating system. Frustrated that the alleged issue was not covered by any express warranty, Plaintiff strings together a handful of anecdotes from Reddit users claiming that some of their HomePod devices experienced *different* technical issues following the software update to make the remarkable allegation that "[p]lanned obsolescence is part of Apple's business model." Compl. ¶ 18. On that theory, he seeks sweeping relief that includes not only every variety of damages (compensatory, statutory, punitive) but restitution, disgorgement, and injunctive relief as well. But Apple did not hack or otherwise intrude on Plaintiff's HomePod: as judicially noticeable documents make clear, Plaintiff agreed to the HomePod Software License Agreement ("SLA"), which permits Apple to "download and install automatic HomePod Software Updates onto [his] HomePod" and expressly disclaims any warranty covering the software (the separate hardware warranty had expired nearly a year earlier). Ex. A §§ 1(c), 7.3, 7.4; Ex. B.[1]

Apple seeks dismissal of all of Plaintiff's claims, which fall into two categories: (1) "computer intrusion" claims, including alleged violations of the federal Computer Fraud and Abuse Act (the "CFAA") and California's Comprehensive Computer Data Access and Fraud Act (the "CDAFA"), as well as common law trespass, and (2) equitable claims, including alleged unjust enrichment and violations of the California Unfair Competition Law ("UCL").

---

[1] All exhibits are attached to the Declaration of Nicole C. Valco ("Valco Declaration") in support of this Motion and are properly considered by the Court for the reasons set forth in Apple's concurrently filed Request for Judicial Notice and Incorporation by Reference.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

vii

DEF. APPLE INC.'S MOT. TO DISMISS COMPL.
CASE NO. 3:22-cv-01095-CRB

*Computer Intrusion Claims.* Plaintiff's computer intrusion claims should be dismissed on multiple independent grounds. First, Plaintiff's consent in the SLA allowing Apple to download and install automatic software updates on his HomePod precludes any allegation that Apple's access was "without authorization" as required for his CFAA claims under 18 U.S.C. §§ 1030(a)(5)(B)–(C), "without permission" as required for his CDAFA claims under Penal Code sections 502(c)(4), (c)(5), and (c)(7), or an "unauthorized entry" as required for common law trespass. These causes of action are aimed at preventing conduct tantamount to "breaking and entering"; the law does not support Plaintiff's theory that a routine, automatic, authorized software update is a "digital intrusion" under these statutes. *hiQ Labs, Inc. v. LinkedIn Corp.*, 2022 WL 1132814, at *13 (9th Cir. Apr. 18, 2022) ("[T]he CFAA is best understood as an anti-intrusion statute."); Cal. Penal Code § 502(a) (reflecting legislative intent to target the "proliferation of computer crime and other forms of unauthorized access to computers …"); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 123 (N.D. Cal. 2020) ("[V]oluntary installation runs counter to the notion that the alleged act was a trespass.").

Second, Plaintiff has not alleged that he has incurred any type of loss cognizable under the CFAA's definition of loss (18 U.S.C. § 1030(e)(11)), such as actual costs incurred responding to an unauthorized intrusion or concrete damages incurred because of interruption of service. Courts have interpreted the CDAFA (Cal. Penal Code § 502(e)(1)) to require the same types of losses as the CFAA.

Third, Courts routinely grant motions to dismiss CDAFA claims that merely parrot the language of the statute. And that is all the Complaint does here.

Fourth, a routine, authorized software update is not a "denial" or "disruption of computer services" under California Penal Code section 502(c)(5) or a "computer contaminant" that acted without authorization by overcoming technological access barriers under section 502(c)(8).

Finally, the economic loss rule further bars the trespass claim because it sounds in contract, not tort: Plaintiff alleges that a software update—governed by a contract (the SLA)—diminished his HomePod's value. He thus seeks to recover economic losses that he attributes to an allegedly

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

defective software update, not compensatory damages for personal injury or physical damage to other property.

**_Equitable Claims_.** Plaintiff's equitable claims are likewise deficient in multiple respects. First, _Sonner v. Premier Nutrition Corp._, 971 F.3d 834 (9th Cir. 2020), requires dismissal of Plaintiff's equitable claims because Plaintiff has not pled that he lacks an adequate remedy at law and suffered irreparable harm—and he cannot do so, given that he is also seeking damages here. Plaintiff's own pleading acknowledges the existence of legal remedies, so Plaintiff cannot pursue equitable relief.

Second, Plaintiff lacks Article III standing to seek injunctive relief. There is no threat of repeated future injury to Plaintiff: his claims are based on a single software update that purportedly rendered his HomePod inoperable, and he alleges no intent to purchase another HomePod. Nor can he, as Apple discontinued that product line in March 2021.

Third, Plaintiff's unjust enrichment claim further fails because express contracts govern HomePod—and because unjust enrichment is not a stand-alone cause of action anyway.

Fourth, Plaintiff's UCL claim must be dismissed because he has failed to allege any "unlawful" conduct by Apple. And as a matter of law, he cannot allege the "substantial injury" required to pursue a claim under the UCL's "unfair" prong where he alleges that the product defect arose _after_ the expiration of the express warranty term. In any event, his conclusory and anecdotal allegations do not suffice to allege an unfair business practice.

For these reasons, Apple respectfully requests dismissal of the Complaint in its entirety for failure to state a claim upon which relief can be granted (Fed. R. Evid. 12(b)(6)) and dismissal of Plaintiff's request for injunctive relief for lack of Article III standing (_id._ 12(b)(1)). Because all of Plaintiff's claims suffer from fundamental legal defects that cannot be cured, Apple requests dismissal with prejudice.

# I.     BACKGROUND

Apple Inc. ("Apple") sold the HomePod wireless speaker from January 2018 to March 2021. Compl. ¶¶ 2, 5. The HomePod came with Apple's standard one-year limited hardware warranty providing for repair, replacement, or a refund if the device suffered any "defects in materials and workmanship" within one year from the date of the original retail purchase. Ex. B ("Hardware Warranty") at 2; *see also* Compl. ¶ 15 (discussing the "1-year warranty"). This limited warranty was "exclusive and in lieu of all other warranties." Ex. B at 1. The Hardware Warranty did not cover any software sold with the HomePod and expressly disclaimed any guarantee that the HomePod's operation would "be uninterrupted or error-free." *Id.*

The HomePod runs on Apple's software, which allows it to integrate with the Apple iPhone and wirelessly link with other HomePod devices. Compl. ¶ 2. Apple releases periodic updates to its HomePod software. *See id.* ¶¶ 6-7, 9. HomePod users agree to a separate HomePod Software Licensing Agreement ("SLA"), which governs use of the HomePod operating software and "any HomePod Software Updates provided by Apple" (collectively, the "HomePod Software"). Ex. A ("SLA") § 1(a). Under the SLA, "**[b]y using the HomePod Software,**" HomePod users "**agree that Apple may download and install automatic HomePod Software Updates onto [their] HomePod.**" *Id.* § 1(c) (bold in original).

The SLA disclaims all warranties in connection with HomePod Software:

> TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE HOMEPOD SOFTWARE AND SERVICES ARE PROVIDED "AS IS" AND "AS AVAILABLE", WITH ALL FAULTS AND WITHOUT WARRANTY OF ANY KIND, AND APPLE … HEREBY DISCLAIM[S] ALL WARRANTIES AND CONDITIONS WITH RESPECT TO THE HOMEPOD SOFTWARE AND SERVICES, EITHER EXPRESS, IMPLIED OR STATUTORY … .

*Id.* § 7.3. The SLA further discloses that Apple does not warrant against interruption of the HomePod Software, or that HomePod Software defects will be corrected:

> APPLE DOES NOT WARRANT AGAINST INTERFERENCE WITH [USER] ENJOYMENT OF THE HOMEPOD SOFTWARE AND SERVICES, THAT THE FUNCTIONS CONTAINED IN, OR SERVICES PERFORMED OR PROVIDED BY, THE HOMEPOD SOFTWARE WILL MEET [USER] REQUIREMENTS, THAT THE OPERATION OF THE

HOMEPOD SOFTWARE AND SERVICES WILL BE UNINTERRUPTED OR ERROR-FREE, THAT ANY SERVICE WILL CONTINUE TO BE MADE AVAILABLE, [OR] THAT DEFECTS IN THE HOMEPOD SOFTWARE OR SERVICES WILL BE CORRECTED….

*Id.* § 7.4. Users agree to "ASSUME THE ENTIRE COST OF ALL NECESSARY SERVICING, REPAIR OR CORRECTION" should the HomePod Software "PROVE DEFECTIVE." *Id.* § 7.6.[2]

Plaintiff alleges he purchased a HomePod from retailer Other World Computing in or around October 2019. Compl. ¶¶ 22-23. Plaintiff does not specify whether he purchased a new HomePod or how much he paid. *See id.* ¶ 4. Plaintiff concedes that his HomePod worked "as intended" for nearly two years, but alleges that his HomePod "malfunctioned and would not reset" at some unidentified time after it automatically installed Software Version 14.6 (the "Update"), which Apple released in May 2021 to improve general performance and stability. *Id.* ¶¶ 7-8, 23. Plaintiff then allegedly sought repair services at an unspecified Apple Authorized Service Provider (not Apple), who purportedly offered to "match Apple's cost of $279 to repair the device." *Id.* ¶ 23. Plaintiff does not allege that he contacted Apple directly about the issues he encountered or to request any refund or repair. Plaintiff claims that he "lost the use of his HomePod as a result of the [Update]." *Id.* He does not allege that he incurred any costs to repair or replace his HomePod or that he paid anyone to identify any cause of his HomePod's alleged malfunction. *Id.*

To support his claim that the Update caused widespread issues, Plaintiff alleges that some consumers took to online forums to complain that the Update "bricked" their HomePod devices. *Id.* ¶¶ 10-11. As support, the Complaint quotes a handful of comments from a Reddit thread describing a variety of different problems. *Id.* ¶ 11. For example, one owner describes a failure to power up, others indicate that the HomePod would power up but would not otherwise function, and another says that only one of the owner's two HomePod devices became unresponsive with flashing buttons. *Id.*

Based on these allegations, Plaintiff seeks to bring claims on behalf of a class of "[a]ll persons within the United States who purchased," a HomePod "other than for resale," as well as

---

[2] This agreement was in effect when Plaintiff purchased his HomePod in or around October 2019 (Compl. ¶ 23), and it remains the operative SLA.  *See* Valco Decl. ¶ 3.

California and North Carolina subclasses. *Id.* ¶ 39. He asserts claims based on Apple's alleged unauthorized access to his HomePod (trespass to chattels and violations of the federal CFAA and the California CDAFA) and equitable claims (unjust enrichment and violation of the UCL).

## II. LEGAL STANDARDS

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original). Allegations that "'are no more than conclusions, are not entitled to the assumption of truth.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).

## III. ARGUMENT

### A. Plaintiff's Computer Intrusion Claims Fail

#### 1. Plaintiff's Computer Intrusion Claims Should Be Dismissed Because He Has Not Pled Unauthorized Access

Plaintiff's claims under the anti-hacking provisions of the CFAA (18 U.S.C. §§ 1030(a)(5)(B)–(C)) and the CDAFA (Cal. Penal Code §§ 502(c)(4), (c)(5), and (c)(7)), as well as his trespass to chattels claim all require access to a computer device without authorization. But Plaintiff does not—and cannot—allege unauthorized access: He agreed in the SLA to periodic, automatic software updates for his HomePod and does not allege that he elected in his Settings, as he could have, to turn off those updates.[3] *See* Ex. A § 1(c) ("**By using the HomePod Software, you agree that Apple may download and install automatic HomePod Software Updates onto your HomePod.** You can turn off the automatic HomePod Updates altogether at any time by going to Settings …." (emphasis in original)); *see also* Compl. ¶ 23. Although Plaintiff takes issue with how the Update allegedly affected use of his HomePod *after* it was installed, he does not dispute

---

[3] Plaintiff alleges that "his HomePod automatically received the" Update, Compl. ¶ 23, meaning he did not turn off automatic software updates in his Settings, *see* Ex. A § 1(c).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

that Apple was authorized to access his HomePod to install the Update in the first place. When a manufacturer installs a software update on devices that it is authorized to access, it does not commit computer hacking or common law trespass. It is that simple. These claims should be dismissed.

**CFAA:** Plaintiff cannot allege that Apple accessed his HomePod "without authorization" as required by the plain language of subsections B and C of the CFAA (Compl. ¶¶ 64-72). *See* 18 U.S.C. § 1030(a)(5)(B) (prohibiting "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, recklessly caus[ing] damage"); *id.* § 1030(a)(5)(C) (prohibiting "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss"). The CFAA "punish[es] hacking—the circumvention of technological access barriers." *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012) (en banc) (*Nosal I*); *see also hiQ Labs v. LinkedIn Corp.*, 2022 WL 1132814, at *13 (9th Cir. Apr. 18, 2022) ("[T]he CFAA is best understood as an anti-intrusion statute."). The "without authorization" provisions that Plaintiff invokes apply only to "*outside* hackers (individuals who have no authorized access to the computer at all)." *Nosal I*, 676 F.3d at 858; *see also United States v. Nosal*, 844 F.3d 1024, 1034 (9th Cir. 2016) (*Nosal II*) ("unauthorized access" is "getting into the computer after categorically being barred from entry"); *hiQ*, 2022 WL 1132814, at *13 ("look[ing] to whether the conduct at issue is analogous to 'breaking and entering'" (citation omitted)).

Plaintiff's CFAA claim must be dismissed because, by agreeing in the SLA "that Apple may download and install automatic HomePod Software Updates onto [his] HomePod," Plaintiff authorized Apple to access his device and install the Update. *See* Ex. A § 1(c); *see also Enki Corp. v. Freedman*, 2014 WL 261798, at *3 (N.D. Cal. Jan. 23, 2014) (dismissing CFAA claim where the complaint did not allege that defendants "were unauthorized to access" materials from the network in question, and a statement of work "specifically grant[ed] [defendants]" access to those materials). Dismissal is particularly appropriate for this claim under the CFAA—a criminal statute laser "focus[ed] on hacking" that should not be stretched to encompass the delivery of consented-to software updates. *Nosal I*, 676 F.3d at 858.[4]

---

[4] Because the CFAA is "primarily a criminal statute," the rule of lenity applies even in civil actions to resolve any statutory ambiguity in the defendant's favor. *LVRC Holdings LLC v. Brekka*, 581

**CDAFA:** Plaintiff's failure to allege that Apple installed the Update "without permission" also bars his claims under CDAFA sections 502(c)(4), (c)(5), and (c)(7). *See* Cal. Penal Code § 502(c)(4) (prohibiting "knowingly access[ing] and without permission add[ing], alter[ing], damag[ing], delet[ing], or destroy[ing] any data, computer software, or computer programs …"); *id.* § 502(c)(5) (prohibiting "knowingly and without permission disrupt[ing] or caus[ing] the disruption of computer services or den[ying] or caus[ing] the denial of computer services …"); *id.* § 502(c)(7) (prohibiting "knowingly and without permission access[ing] or caus[ing] to be accessed any computer, computer system, or computer network").[5] Like the CFAA, the CDAFA is a criminal "anti-hacking statute intended to prohibit the unauthorized use of any computer system for improper or illegitimate purpose." *Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026, 1032 (N.D. Cal. 2014). A party acts "without permission" under the CDAFA in one of two ways: (i) when it "overcome[s] some technical or code barrier," *Enki*, 2014 WL 261798, at *3; or (ii) when it accesses a computer *with* permission but then "misuse[s] information" obtained from it, *Satmodo, LLC v. Whenever Commc'ns, LLC*, 2017 WL 1365839, at *6 (S.D. Cal. Apr. 14, 2017).

As explained above, HomePod users authorized Apple's access to install software updates, including the Update, and Plaintiff alleges no unauthorized access to his device. Plaintiff does not allege that Apple overcame any technical or code barriers to install the Update or that Apple misused, deleted, or damaged any data stored on any HomePod as part of that access. Accordingly, the CDAFA claim premised on sections 502(c)(4), (c)(5), and (c)(7) should be dismissed. *See In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 716 (N.D. Cal. 2011) (dismissing (c)(7) claim where there "were clearly no technical barriers blocking [Facebook] from accessing its own website").

**Trespass To Chattels:** Plaintiff's trespass to chattels claim should likewise be dismissed because Plaintiff has not alleged that a routine software update amounts to an "unauthorized

---

F.3d 1127, 1134 (9th Cir. 2009); *see also Oracle Am., Inc. v. TERiX Comput. Co., Inc.*, 2014 WL 31344, at *6 (N.D. Cal. Jan. 3, 2014) (dismissing insufficiently pleaded CFAA claim "[e]specially in view of the bias towards lenity required of statutes like the CFAA").

[5] Plaintiff's claim under section 502(c)(8) fails for the reasons discussed *infra* Sections III.A.2–3.

entry"—the "essence of the cause of action for trespass." *Parziale v. HP, Inc.*, 2020 WL 5798274, at *7 (N.D. Cal. Sept. 29, 2020) (quoting *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1480 (1986)). Under California law, "[t]o prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish: (1) defendant intentionally and *without authorization* interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff." *Id.* (citation omitted) (emphasis added). "Where there is a consensual entry, there is no tort[.]" *Miller*, 187 Cal. App. 3d at 1480. As explained above, Plaintiff consented to installation of the Update. "[C]ourts consistently hold that in the context of a software update and digital trespass," such "[v]oluntary installation runs counter to the notion that the alleged act was a trespass." *Brodsky*, 445 F. Supp. 3d at 123; *see also Price v. Apple Inc.*, 2022 WL 1032472, at *6 (N.D. Cal. Apr. 6, 2022) ("Plaintiff's consent dooms his trespass claim").

        2.   <u>Plaintiff's CFAA And CDAFA Claims Should Also Be Dismissed Because He Has Not Pled A Covered Loss</u>

Plaintiff does not allege any of the losses contemplated under the CFAA or CDAFA, and so fails to state a claim under either statute. *Biesenbach v. Does 1-3*, 2022 WL 204358, at *6-7 (N.D. Cal. Jan. 24, 2022) (dismissing CFAA claim because a conclusory damages request was insufficient under the CFAA's definition of loss); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 949, 950–51 (N.D. Cal. 2014) (similar). The CFAA enumerates the types of losses it covers, defining "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]" 18 U.S.C. § 1030(e)(11). Courts have interpreted the statutory definition as "mak[ing] clear Congress's intent to restrict civil actions … to the traditional computer 'hacker' scenario—where the hacker deletes information, infects computers, or crashes networks." *AtPac, Inc. v. Aptitude Solutions*, Inc., 730 F. Supp. 2d 1174, 1185 (E.D. Cal. 2020); *see also Biesenbach*, 2022 WL 204358, at *6-7. And it requires a minimum loss threshold of $5,000 for a private right of action. *Compare* Compl. ¶¶ 71, 83

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(asserting that the Update "caused a loss to 1 or more persons during any 1-year period aggregating at least $5,000 in value") *with* 18 U.S.C. §§ 1030(g), 1030(c)(4)(a)(i)(I). This is not enough to establish either claim's loss element. *See Eclectic Props. E. v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). The CDAFA's loss element, which limits damages to cost incurred in responding to the intrusion, is materially similar to the CFAA's.[6] *Brodsky*, 445 F. Supp. 3d at 131 (explaining that CDAFA claims "rise or fall" with CFAA claims).

Plaintiff has not alleged that he or anybody else incurred *any* costs "responding to" the Update, "conducting a damage assessment," "restoring" the HomePod to its pre-Update condition, or "verifying" any damage. 18 U.S.C. § 1030(e)(11); Cal. Penal Code § 502(e)(1). Nor has he identified any "revenue lost, cost incurred, or other consequential damages." 18 U.S.C. § 1030(e)(11). Although Plaintiff alleges that an Apple Authorized Service Provider told him it "would match Apple's cost of $279 to repair [his] HomePod," he does not allege that he actually paid for that assessment or for any repair. Thus, he has failed to allege loss under the CFAA or CDAFA. *See In re Google Android Consumer Privacy Litig.*, 2014 WL 988889, at *4 (N.D. Cal. Mar. 10, 2014) (dismissing CFAA claim for failure to allege loss where plaintiffs alleged "diminished battery life" and that "a new battery could cost $70.00," but did not "allege that they did purchase new batteries because of Google's conduct"); *NovelPoster*, 140 F. Supp. 3d at 949, 950–51 (N.D. Cal. 2014) (dismissing CDAFA and CFAA claims for failure to allege loss); *Heieck v. Fed. Signal Corp.*, 2019 WL 6873869, at *5–6 (C.D. Cal. Nov. 4, 2019) (similar).

        3.    <u>Plaintiff's CDAFA Claim Fails For Additional, Independent Reasons</u>

        a.    The Boilerplate CDAFA Claim Should Be Dismissed

Plaintiff's CDAFA claim merely parrots the language of the statute:

- Section 502(c)(4) prohibits "knowingly access[ing] and without permission … damag[ing] … any data, computer software, or computer programs … ." Plaintiff alleges the Update "damaged data, computer software or computer programs residing in the Apple HomePods." Compl. ¶ 78.

- Section 502(c)(5) prohibits "knowingly and without permission disrupt[ing] or caus[ing] the disruption of computer services or den[ying] or caus[ing] the denial

---

[6] Cal. Penal Code § 502(e)(1) ("Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

of computer services to an authorized user of a computer … ." Plaintiff alleges that the Update "disrupted or caused the disruption of computer services from Apple HomePods, and caused the denial of computer services to authorized users of the Apple HomePods." Compl. ¶ 79.

- Section 502(c)(7) prohibits "knowingly and without permission access[ing] or caus[ing] to be accessed any computer … ." Plaintiff alleges that by installing the Update, Apple "knowingly and without permission accessed the Apple HomePods." Compl. ¶ 80.

- Section 502(c)(8) prohibits "knowingly introduc[ing] any computer contaminant into any computer ... ." Plaintiff alleges that the Update "is a computer contaminant" and that Apple "knowingly introduced a computer contaminant into the Apple HomePods." Compl. ¶¶ 77, 81.

Courts in this Circuit routinely dismiss conclusory CDAFA claims like Plaintiff's. *See, e.g.*, *Brodsky*, 445 F. Supp. 3d at 132 (dismissing CDAFA claim where allegation "mirror[ed] the language of … § 502(c)(5)"); *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1090 (N.D. Cal. 2018) (Corley, M.J.) (similar); *Satmodo*, 2017 WL 1365839, at *7 (similar).

        b.      The Update Is Not A Disruption Or Denial Of Service Under Section 502(c)(5)

Plaintiff fails to allege a "disruption" or "denial of computer services" within the meaning of section 502(c)(5). California's legislature has characterized this prohibited conduct, punishable as a felony (Cal. Penal Code § 502(d)(1)), as a form of "cyber-terrorism" designed to cripple internet services. A.B. 2232, 1999–2000 Cal. Assemb. Comm. On Pub. Safety, at 5 (April 24, 2000). Section 502(c)(5) targets hackers who, instead of breaking into a network or infecting it with a virus, overload it with a "barrage of data." *Id.*; *see also Ubisoft, Inc. v. Kruk*, 2021 WL 3472833, at *2 (C.D. Cal. July 9, 2021) (examining sufficiency of allegations concerning a denial-of-service attack, a "method of slowing down or disrupting the normal operation of targeted computer systems and servers by overburdening them with an 'abundance of illegitimate requests'"). Plaintiff does not allege any facts to support that the Update crashed HomePod devices in this manner, so his CDAFA claim under section 502(c)(5) should be dismissed. *See Loc. Ventures & Investments, LLC v. Open Found.*, 2019 WL 7877936, at *9 (N.D. Cal. May 13, 2019).[7]

---

[7] Any ambiguity as to whether section 502(c)(5) reaches the allegedly defective software update at issue here should be resolved in Apple's favor under the rule of lenity. *See United States v.*

Plaintiff's attempt to shoehorn a routine software update into a section 502(c)(8) violation similarly fails because the Update was not a "computer contaminant," like a virus. *See Flextronics Int'l Ltd. v. Parametric Tech. Corp.*, 2014 WL 2213910, at *6 (N.D. Cal. May 28, 2014) ("[T]he legislature specifically noted that it intended [§ 502(c)(8)] to capture individuals responsible for the spread of computer viruses."). The Penal Code defines a computer contaminant as:

> any set of computer instructions that are designed to modify, damage, destroy, record, or transmit information within a computer, computer system, or computer network without the intent or permission of the owner of the information. They include, but are not limited to, a group of computer instructions commonly called viruses or worms, that are self-replicating or self-propagating and are designed to contaminate other computer programs or computer data, consume computer resources, modify, destroy, record, or transmit data, or in some other fashion usurp the normal operation of the computer.

Cal. Penal Code § 502(b)(12). Plaintiff alleges no facts to support a theory that Apple injected a virus into his HomePod. His section 502(c)(8) claim should be dismissed.

Plaintiff also fails to allege a necessary element of any 502(c)(8) violation: that the Update "overc[a]me a technical barrier" to accomplish any modification, damage, or the like, as he must to establish the Update acted on his HomePod "without permission" under section 502(c)(8). *Flextronics*, 2014 WL 2213910, at *5 & n.1. There can accordingly be no liability under section 502(c)(8). *See id.*; *see also In re Facebook Privacy Litig.*, 2011 WL 6176208, at *4 (N.D. Cal. Nov. 22, 2011) (dismissing § 502(c)(8) claim with prejudice and rejecting theory that "standard web browser function" that transmitted plaintiffs' personal information to advertisers was a "computer contaminant").

---

*Santos*, 553 U.S. 507, 514 (2008); *cf. also Lateral Link Grp., LLC v. Springut*, 2015 WL 12778396, at *8 (C.D. Cal. Sept. 22, 2015) ("doctrine of lenity require[d] an interpretation of § 502(c)(7) that avoid[ed] criminalizing" a defendant's "far from commendable" submission of false credentials to access confidential information on a website where it was not "clear" that such conduct was criminal).

4.     <u>The Economic Loss Rule Independently Requires Dismissal Of The Trespass Claim</u>

Plaintiff's trespass to chattels claim must be dismissed under the economic loss rule, which prohibits a plaintiff from proceeding under a tort theory where, as here, he alleges "only economic harm" caused by a failure "to provide the product he expected." *Baggett v. Hewlett Packard, Inc.*, 2009 WL 3178066, at *2 (C.D. Cal. Sept. 29, 2009) (citing *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004)); *see also Correia v. Johnson & Johnson Consumer Inc.*, 2019 WL 2120967, at *5 (C.D. Cal. May 9, 2019) ("[T]respass to chattel … claims arising from the defendant's design of a product are barred by California's economic loss rule, which generally requires a purchaser to recover in contract, and not tort, for purely economic loss due to disappointed expectations." (quotation marks and citation omitted)). To avoid application of this rule, a tort claimant must allege "personal injury or physical damage to 'other property, that is, property other than the product itself.'" *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 Fed. App'x 603, 605 (9th Cir. 2008) (quoting *Jimenez v. Sup. Ct.*, 58 P.3d 450, 456 (Cal. 2002)); *see also Lusson v. Apple Inc.*, 2016 WL 10932723, at *2 (N.D. Cal. June 20, 2016) (Chhabria, J.) (emphasizing that property damage must be "physical" and inflicted on property "separate" from the allegedly defective product). Economic losses that cannot be pursued in tort include "damages for inadequate value," "costs of repair and replacement of the defective product," *Kalitta*, 315 Fed. App'x at 605, and "loss of use," *Kerkorian v. Samsung Elecs. Am.*, 2021 WL 5399449, at *5 n.4 (E.D. Cal. Nov. 18, 2021); *see also Lusson*, 2016 WL 10932723, at *1–2.[8]

Plaintiff does not allege that the routine software update to his HomePod physically injured him or another piece of property. Instead, Plaintiff alleges exclusively economic losses. *See* Compl. ¶¶ 23, 52, 61, 63. He attributes these losses to Apple's purported failure to furnish the software update that HomePod owners expected. *See id.* ¶¶ 8, 51. The SLA governs Plaintiff's HomePod use and the installation of software updates, and establishes the parties' rights and obligations with respect to the software. *See* Ex. A §§1(c), 7.3, 7.4 (disclaiming all warranties in

---

[8] Plaintiff pleads no facts to satisfy the special relationship exception to the economic loss rule. *See Kalitta Air*, 315 Fed. App'x at 605–06 (citing *J'Aire Corp. v. Gregory*, 598 P.2d 60 (1979)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

connection with HomePod software). Because Plaintiff's claim arises from a commercial transaction governed by contract, and he alleges neither personal injury nor *physical* damage to *other* property, the economic loss rule squarely forecloses his claim. *See Kalitta Air*, 315 Fed. App'x at 605; *Lusson*, 2016 WL 10932723, at *1–2 (economic loss rule barred negligence claims where plaintiffs alleged that a software error "rendered their 'devices completely unusable'" and sought damages for loss of the devices, repair service costs, and the cost of a replacement (quotation omitted)); *Baggett*, 2009 WL 3178066, at *2–3 (similar for trespass to chattels claim).

## B. Plaintiff Is Not Entitled To Equitable Relief

### 1. Plaintiff's Equitable Claims Are Barred By *Sonner*

Plaintiff's claims for restitution and injunctive relief under the UCL and for unjust enrichment should be dismissed under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). In *Sonner*, the Ninth Circuit held "that the traditional principles governing equitable remedies in federal courts" apply to state law claims brought in federal court. *Id.* That means that Plaintiff must plead he "lacks an adequate legal remedy," to obtain restitution or an injunction, and must additionally plead irreparable harm for an injunction. *Id.* at 839; *see id.* at 843–44. He has not satisfied either *Sonner* requirement.

First, Plaintiff has not alleged—in anything beyond conclusions—that he lacks an adequate remedy at law to justify obtaining restitution under the UCL or unjust enrichment.[9] Nor could he: Plaintiff's requests for restitution for the device he bought (Compl. ¶ 63) are meant to redress the "exact same harm" for which he seeks money damages through his other claims (*see id.* ¶¶ 54, 72, 84; Request for Relief ¶ (d)). *Sonner*, 971 F.3d at 844. Such claims for "monetary damages" are prime examples of "remedies available at law," *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388,

---

[9] Plaintiff's conclusory allegation that he "lack an adequate remedy at law" for his unjust enrichment claim, Compl. ¶ 63, does not suffice. *See Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. 2021). The Complaint does not allege that Apple has obtained any benefit susceptible to "non-restitutional disgorgement," despite Plaintiff's assertion. Compl. ¶ 63. The only benefit Plaintiff alleges is that "Apple profits when people purchase Apple HomePod [devices] from Apple." *Id.* at ¶ 59. Disgorging those profits to Plaintiff and the putative class would be similar to refunding each putative plaintiff for their HomePod devices—something money damages could adequately approximate. *Cf. Sonner*, 971 F.3d at 843–44 (holding that no equitable relief was available where the plaintiff "fail[ed] to explain how the same amount of money [sought in legal damages] for the exact same harm [alleged in equitable claims] is inadequate or incomplete").

391 (2006), and thus preclude equitable restitution, *see Sonner*, 971 F.3d at 844; *see also Julian v. TTE Tech., Inc.*, 2020 WL 6743912, at *5 (N.D. Cal. Nov. 17, 2020) (dismissing UCL claim under *Sonner* because "what Plaintiffs' claim for damages and restitution [we]re not really different").

Pleading equitable claims in the alternative does not excuse Plaintiff from alleging the "inadequacy of [his] legal remedies." *Veritas Techs. LCC v. Cushman & Wakefield, Inc.*, 2022 WL 222527, at *11 n.9 (N.D. Cal. Jan. 25, 2022) (Breyer, J.); *see also Axelrod v. Lenovo (U.S.) Inc.*, 2022 WL 976971, at *2 n.2 (N.D. Cal. Mar. 31, 2022). *Sonner* has been repeatedly applied to dismiss claims for restitution under the UCL and unjust enrichment as well as claims for injunctive relief where, as here, the plaintiff cannot plead that they lack an adequate remedy. *See, e.g.*, *Veritas*, 2022 WL 222527, at *11 (UCL restitution claim); *Axelrod*, 2022 WL 976971, at *1 (UCL restitution, disgorgement, and injunctive relief claims); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 905–09 (N.D. Cal. 2021) (UCL and unjust enrichment claims); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (UCL and other equitable claims).

<u>Second</u>, Plaintiff's request for injunctive relief also fails under *Sonner*. *See In re MacBook Keyboard*, 2020 WL 6047253, at *3 (holding that *Sonner* applies "to injunctive relief claims."). Under federal law, "a plaintiff seeking a permanent injunction must" do more than show "that remedies available at law … are inadequate"; he must also allege "that [he] has suffered an irreparable injury." *eBay*, 547 U.S. at 391. Plaintiff has not and cannot plead any irreparable harm that would not be remedied by a damages award. He seeks compensatory damages based on allegations that the Update caused his HomePod to malfunction. *See* Compl. ¶¶ 23, 54, 61; Request for Relief ¶ (d). Since monetary compensation could make Plaintiff whole from any alleged harm, he cannot establish an irreparable injury. *See, e.g.*, *Los Angeles Mem. Coliseum Commn. v. Nat'l Football League*, 634 F.2d 1197, 1202–03 (9th Cir. 1980) ("monetary injuries which could be remedied by a damage award" do not support a finding "of irreparable harm"); *Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *3 (C.D. Cal. Sept. 3, 2020) (dismissing under *Sonner* injunctive relief claim where plaintiff alleged that she "lost money" from overpaying for a product, which was not an "irreparable injury" and for which legal damages would be an adequate remedy); *Hassell v. Uber Techs., Inc.*, 2020 WL 7173218, at *9 (N.D. Cal. Dec. 7, 2020) (similar).

Plaintiff further fails to identify the injunctive relief he seeks, which is independently fatal to his claim. *See, e.g.*, *O'Connor v. Wells Fargo, N.A.*, 2014 WL 4802994, at *8 (N.D. Cal. Sept. 26, 2014) (dismissing claim for injunctive relief where plaintiff failed to specify what "conduct[] he seeks to enjoin"); *cf., e.g.*, *Spengler v. L.A. Cnty. Jail Med.*, 2017 WL 10526034, at *1 (C.D. Cal. Aug. 14, 2017) (similar). And for good reason: Apple permanently discontinued its HomePod product line nearly a year before this lawsuit was filed. Compl. ¶ 20.

## 2. Plaintiff Lacks Standing To Seek Injunctive Relief

For much the same reason, Plaintiff lacks Article III standing to seek injunctive relief. The HomePod product line no longer exists, and Plaintiff accordingly alleges no intent to purchase another HomePod. And his claims all center around a single software update released nearly a year ago. So there is no "real and immediate threat of repeated injury in the future." *Gallagher v. Chipotle Mexican Grill, Inc.*, 2016 WL 454083, at *3 (N.D. Cal. Feb. 5, 2016) (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)); *cf. also Hunter v. Nature's Way Prods, LLC*, 2018 WL 340233, at *4 (S.D. Cal. Jan. 9, 2018) (holding plaintiff lacked standing to pursue an injunction in a consumer case where she failed to plead that she "continue[d] to desire to purchase" or would purchase the product at issue). And because Plaintiff himself lacks Article III standing to pursue injunctive relief, he cannot represent a class seeking such relief. *See Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1030 (N.D. Cal. 2016).

## 3. Plaintiff Fails To State A Claim For Unjust Enrichment

In addition to the foregoing shortcomings, Plaintiff's unjust enrichment fails for at least two other reasons. First, the claim is barred by the existence of an express contract covering the same subject matter as the claim. *See Williams v. Yamaha Motor Corp.*, 2015 WL 13626022, at *14–15 (C.D. Cal. Jan. 7, 2015). Under California law "[t]here cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time." *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002) (citation omitted). Because express contracts govern Plaintiff's purchase and use of the hardware (Hardware Warranty) and the installation and use of the software (SLA) at issue, any quasi-contract claim must be dismissed. *See, e.g.*, *Marcus v. Apple Inc.*, 2015 WL 151489, at *10 (N.D. Cal. Jan. 8, 2015) (dismissing quasi-contract claim

alleging product defects based on Apple's express warranties). Second, courts applying California law frequently dismiss stand-alone claims for unjust enrichment because it is not a separate cause of action. *See e.g.*, *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012).

### 4.     Plaintiff Fails To State A Claim Under The UCL

Plaintiff has not alleged "unlawful" or "unfair" conduct under the UCL.[10] Plaintiff's "unlawful" claim is based on the same alleged common law and statutory violations discussed above (Compl. ¶ 90), but Plaintiff pleads no violation of those laws. *See supra* Section III.A. And his conclusory allegations that recite the legal requirements for two tests used to determine whether conduct is "unfair" under the UCL fail to state a claim under either test. Compl. ¶ 89, 91–94.

Under the first test, known as the tethering test, a plaintiff must allege a violation of a "public policy … tethered to specific constitutional, statutory, or regulatory provisions." *Herskowitz v. Apple Inc*., 940 F. Supp. 2d 1131, 1145 (N.D. Cal. 2013) (internal citations omitted). Plaintiff does not allege that Apple's purported conduct violated a public policy that is "tethered" to any such provisions, beyond its other causes of action, which fail for the reasons discussed above. *See supra* Section III.A.

The second test, known as the balancing test, "examines whether the challenged business practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim[.]" *Herskowitz*, 940 F. Supp. 2d 1131 at 1145–46 (quotations and citations omitted). This test is met when plaintiffs allege facts supporting that "the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 839 (2006). "[F]ailure to disclose a defect that might shorten the effective life span of component part to a consumer product does not constitute a 'substantial injury' under the unfair practices prong of the UCL where the product functions as warranted throughout the term of its Express Warranty." *Taleshpour v. Apple Inc*., 549 F. Supp. 3d 1033, 1045 (N.D. Cal. 2021) (citing *In re Sony*, 758 F. Supp. 2d 1077, 1091 (S.D. Cal. 2010));

---

[10] Plaintiff does not claim that Apple engaged in "fraud" under the UCL. *See* Compl. ¶ 88.

*see also Clemens v. DaimlerChrysler*, 534 F.3d 1017, 1026–27 (9th Cir. 2008). Plaintiff fails this test too because he does not allege that his HomePod failed to function as warranted throughout its express one-year warranty period.

In any event, Plaintiff's claim that Apple engaged in a business strategy to "brick" users' HomePod devices rests on a string of anecdotes and conclusions that do not come close to supporting his theory. Plaintiff asserts that Apple schemed to render all HomePod devices obsolete through the Update, selectively quoting a handful of cherry-picked posts from a Reddit thread by users who supposedly experienced technical issues on *some* (not all) of their HomePod devices following the Update's release. Compl. ¶¶ 11, 15. Plaintiff cannot transmogrify these isolated anecdotes into a deliberate and systemic business practice by tacking on the bare accusation that "[p]lanned obsolescence is part of Apple's business model." *Id.* ¶ 18. Courts dismiss unfairness claims supported only by such "conclusory" allegations of unfair conduct. *See, e.g.*, *Nikoopour v. Ocwen Loan Servicing, LLC*, 2018 WL 3007918, at *6 (S.D. Cal. June 14, 2018).

## C. Leave To Amend Should Be Denied

Even if Plaintiff could drum up further factual allegations, his claims are fundamentally flawed as a matter of law. As explained, Plaintiff's computer intrusion claims require unauthorized access—but the software update he assails was unquestionably authorized under the SLA. The economic loss rule independently bars the trespass claim as a matter of law. Plaintiff cannot allege imminent harm to support an injunction when the product line at issue has been discontinued. Express contracts foreclose any amendment that could salvage the unjust enrichment claim. And Plaintiff's concession that his HomePod worked as intended during the term of its express warranty means he cannot allege the substantial injury required to pursue a claim under the UCL's "unfair" prong of the UCL. None of these legal problems are going away, making amendment "futile." *New You Spa v. Citizen's Ins. Grp.*, 2021 WL 1788448, at *2 (N.D. Cal. May 5, 2021) (Breyer, J.).

## IV. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed without leave to amend.

Dated: April 27, 2022

LATHAM & WATKINS LLP

By: <u>/s/ *Melanie M. Blunschi*</u>
        Melanie M. Blunschi

Melanie M. Blunschi (Cal. Bar No. 234264)
 *melanie.blunschi@lw.com*
Nicole C. Valco (Cal. Bar No. 258506)
 *nicole.valco@lw.com*
Grant E. Strother (Cal. Bar No. 284612)
 *grant.strother@lw.com*
Rachel Rose Suhr (Cal. Bar No. 323531)
 *rachel.suhr@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Attorneys for Defendant Apple Inc.